STRAUSE GAS IRON CO. et al. v. WEIL et al.

(District Court, S. D. New York. June 5, 1912.)

Patents (§ 328*)—Validity and Infringement—Gas Iron.

The Spahr & Stichler patent, No. 948,773, for a gas iron, claims 2 and 7, *held* not anticipated, valid, and infringed.

In Equity. Suit by the Strause Gas Iron Company, Otto Spahr, and Charles Stichler against Julius Weil and Joseph Powdermaker, copartners doing business as the Marion Manufacturing Company. On final hearing. Decree for complainants.

Briesen & Knauth, of New York City, for complainants.

MAYER, District Judge. Defendants have not appeared on final hearing, but, as complainants have been put to the expense and trouble of a suit, they are entitled to a brief statement of the reasons which entitle them to a decree.

The gas iron described in complainants' patent and shown in the exhibits displays a meritorious and patentable conception. The invention described in claims 2 and 7, which are in issue, is for a gas iron having a solid base with a central groove into which lead air openings connected with the outside air. This air thus drawn in the central groove supports the combustion of numerous jets of gas flames which issue from a burner supported or suspended immediately above the central channel. The gas orifices are deflected to the right and left, respectively, in order that the heat will be distributed properly and uniformly, so as to convert the temperature of the lower surface of the iron into one which will keep it continuously in operative condition. An iron thus constructed does not cool off during the intervals between use, and need not be placed upon a hot stove or flame.

It is claimed that one of the objections to irons having integral combustion chambers is the odor which arises from incomplete com-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

bustion. By the patented arrangement this feature is stated to have been overcome; the statement of the invention being to the effect that the iron thus constructed produces "a maximum of heat with a minimum of gas, and avoiding the smell of unconsumed gas." The patent also states that the construction described causes the creation of a natural draft through the body of the iron to the openings V "provided for the escape of the products of combustion, the air being admitted to the burner below the same and then supplied to the gas to cause comparative perfect combustion of the latter without permitting the flames to appear on the exterior of the iron."

Defendants filed an answer, and attended the taking of testimony on behalf of the complainants both in New York and during a session in Philadelphia. Defendants' answer sets up 21 patents alleged to anticipate; and, although these patents were not offered in evidence, they have been considered in determining the validity and scope of complainants' patent, lest a patent be sustained which the references set up in the answer anticipate or legitimately restrict. I find in these patents set up in the answer that there is not any structure which discloses the combination of complainants' patent as defined in claims 2 and 5, nor in these prior patents is there any subject-matter which should restrict these two claims to less than the scope asserted for them. During the argument reference was made to two gas irons marked "Marion" differing from each other only in detail, but not constructively, a gas iron marked "Thormax," and a gas iron marked "Iwantu"; the latter being the exhibit showing complainants' manufacture. In respect of their constructive features, all of these four irons are practically identical, and all four are now described in and covered by claims 2 and 7 of the patent in suit.

The complainants are entitled to the decree, with costs.